UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ESTRELLA G. ABALOS, JOSE C. ABALOS and DAVID-WYN MILLER: Plenipotentiary-Judge (Witnessing), | Case No:  C 11-03150 SBA |
| | **ORDER DISMISSING ACTION** |
| Plaintiff, | |
| vs. | |
| BANK OF AMERICA HOME LOAN SERVICING, L.P., AMERICAN WHOLESALE LENDER; RECONTRUST COMPANY, N.A.; BANK OF NEW YORK, MELLON, AS TRUSTEE FOR THE HOLDER OF THE SAMI II-2006-ARI, MTG PASS-THROUGH CERTIFICATE; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | |
| Defendants. | |

## I.   <u>INTRODUCTION</u>

On August 8, 2011, Defendants filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Under Local Rule 7-3, any opposition or statement of non-opposition was due no later than two weeks after the motion was filed.  As such, Plaintiffs' opposition was due by August 22, 2011.  No response to the motion was filed.  Although the motion could have been granted as unopposed, the Court, in consideration of less drastic alternatives to dismissal, sua sponte granted Plaintiffs until January 31, 2012, to file a response.  The Court warned Plaintiffs that the failure to file an opposition or statement of non-opposition by that date would result in the dismissal of the action.  1/9/12 Order at 2, Dkt. 19.  To date, Plaintiffs, in direct contravention of the Court's Local Rules, Standing

1  Orders and Orders of the Court, have filed neither an opposition nor statement of non-

2  opposition to the motion to dismiss.

3  **II.    DISCUSSION**

4       "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an

5  action for failure to comply with any order of the court."  Ferdik v. Bonzelet  963 F.2d

6  1258, 1260 (9th Cir. 1992).  As such, the failure to file an opposition to a motion to dismiss

7  in the manner prescribed by the Court's Local Rules is grounds for dismissal.  Ghazali v.

8  Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  "In determining whether to dismiss a

9  claim for failure to prosecute or failure to comply with a court order, the Court must weigh

10 the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the

11 court's need to manage its docket; (3) the risk of prejudice to defendants/respondents;

12 (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition

13 of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

14      In the instant case, the Court finds that the above-referenced factors weigh in favor

15 of dismissal.  With regard to the first factor, "[t]he public's interest in expeditious

16 resolution of litigation always favors dismissal."  Yourish v. Cal. Amplifier, 191 F.3d 983,

17 990 (9th Cir. 1999).  This is particularly true in the instant case, where Plaintiffs have

18 impeded the Court's ability to move this case forward by failing to respond to Defendants'

19 motion and failing to comply with the requirements of the Court's scheduling orders.

20      The second factor also militates in favor of dismissal.  See Pagtalunan, 291 F.3d at

21 642 ("It is incumbent upon the Court to manage its docket without being subject to routine

22 noncompliance of litigants"); Yourish, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing

23 court's need to control its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance

24 with a court's order diverts "valuable time that [the court] could have devoted to other

25 major and serious criminal and civil cases on its docket.").

26      The third factor, the risk of prejudice to the defendants, generally requires that "a

27 defendant … establish that plaintiff's actions impaired defendant's ability to proceed to trial

28 or threatened to interfere with the rightful decision of the case."  Pagtalunan, 291 F.3d at,

642. At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting." Id. Here, Plaintiffs have offered no explanation for their failure to respond nor is any apparent from the record. Indeed, Plaintiffs have had over five months to prepare their opposition. These facts also weigh strongly in favor of dismissal. See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.

As to the fourth factor, the Court has already considered less drastic alternatives to dismissal. As noted, the Court repeatedly warned Plaintiffs that the failure to respond to the pending motion would be grounds for dismissal under Rule 41(b) for failure to prosecute. In addition, the Court sua sponte afforded Plaintiffs a second opportunity to file an opposition (or statement of non-opposition), and again warned them that the failure to respond would result in the dismissal of the action. "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." Ferdik, 963 F.2d at 1262.

The final factor, which favors disposition of cases on the merits, by definition, weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

## III. **CONCLUSION**

In sum, the Court concludes that four of the five relevant factors weigh strongly in favor of dismissing the action in its entirety. Id. (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal). Accordingly,

IT IS HEREBY ORDERED THAT the instant action is DISMISSED WITHOUT PREJUDICE, pursuant to Federal Rule of Civil Procedure 41(b). The Clerk shall close the file and terminate all pending matters and deadlines.

IT IS SO ORDERED.

Dated: March 2, 2012

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

1  UNITED STATES DISTRICT COURT
    FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

3

4  ESTRELLA G ABALOS et al,

5                    Plaintiff,

6          v.

7  BANK OF AMERICA et al,

8                    Defendant.

9  _____/

10

11                               Case Number: CV11-03150 SBA

12                               **CERTIFICATE OF SERVICE**

13

14  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
    Court, Northern District of California.

15
    That on March 2, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said
16  copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
    said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
17  located in the Clerk's office.

18

19

20  Estrella G. Abalos
21  136 Saint Francis Boulevard
    San Francisco, CA 94127
22
23  Jose C. Abalos
    136 Saint Francis Boulevard
24  San Francisco, CA 94127

25

26  Dated: March 2, 2012
                               Richard W. Wieking, Clerk
27
                               By: Lisa Clark, Deputy Clerk
28